IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00131-BNB

JOSEPH JON DREISMEIER,

      Applicant,

v.

TOM CLEMENTS, Executive Director, Colorado Dept. of Corrections,
JAMES FALK, Warden, SCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Joseph Jon Dreismeier, is a prisoner in the custody of the Colorado
Department of Corrections (DOC) who currently is incarcerated at the correctional
facility in Sterling, Colorado.  Mr. Dreismeier initiated this action by filing *pro se* on
January 18, 2012, an application for a writ of habeas corpus pursuant to 28 U.S.C. §
2254 (ECF No. 1) challenging the validity of his Colorado conviction in the District Court
of El Paso County, Colorado, in Case No. 09CR1881.  ECF No. 1 is an example of the
convention the Court will use throughout this order to identify the docket number
assigned to a specific paper by the Court's electronic case filing and management
system (CM/ECF).  Mr. Dreismeier has been granted leave to proceed *in forma*
*pauperis* pursuant to 28 U.S.C. § 1915.

On February 2, 2012, Magistrate Judge Boyd N. Boland directed Respondents to
file a pre-answer response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. §

2254(b)(1)(A).  ECF No. 4.  On February 23, 2012, Respondents submitted their pre-

answer response.  ECF No. 8.  On May 25, 2012, after being granted extensions of

time, Mr. Dreismeier filed a reply.  ECF No. 15.

The Court must construe Mr. Dreismeier's filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Dreismeier was convicted in El Paso County District Court Case No.

09CR1881 on July 27, 2009, pursuant to a plea agreement for escape from confinement

for a felony (not class one or two).  ECF No. 1 at 1-2; No. 8, ex. A (state register of

actions) at 2-3.  He was sentenced on the same day to four years of imprisonment in

the DOC.  ECF No. 1 at 2, ex. A at 3.  Mr. Dreismeier did not appeal directly from the

conviction and sentence.

On March 23, 2010, Mr. Dreismeier filed a postconviction motion pursuant to

Rule 35(c) of the Colorado Rules of Criminal Procedure.  ECF No. 8, ex. A at 4.  On

April 5, 2010, the trial court entered an order ruling on the motion, *id.* at 3, although the

state register of actions does not specify the ruling.  Whatever the ruling, there is no

record that Mr. Dreismeier appealed from it.

On April 23, 2010, Mr. Dreismeier initiated a state habeas corpus action, No.

10CV194, in El Paso County District Court.  ECF No. 8, ex. B (state register of actions)

at 3, ex. C (habeas corpus motion).  On June 24, 2010, the trial court denied the motion

for lack of jurisdiction.  ECF No. 8, ex. D.  On July 12, 2010, Mr. Dreismeier filed a

petition for rehearing (ECF No. 8, ex. E), which the trial court denied the same day.

ECF No. 8, ex. B at 2.  Mr. Dreismeier appealed from the denial to the Colorado

Supreme Court.  ECF No. 8, ex. F (opening brief).  On August 11, 2011, the Colorado

Supreme Court affirmed the trial court judgment.  ECF No. 8, ex. I.

On December 28, 2010, while the appeal from the denial of the habeas corpus

action was pending in the Colorado Supreme Court, Mr. Dreismeier filed a motion titled

"Motion 106" in Lincoln County Court, which named the warden of the Limon

Correctional Facility and another DOC employee as defendants.  ECF No. 8, ex. J.

Although Respondents contend that the Lincoln County Court has no record of any case

filings by Mr. Dreismeier and none of the named defendants was formally served, the

Court will assume for purposes of this order that the motion was filed and served.    The

motion did not attack the validity of Mr. Dreismeier's conviction or sentence.  Rather, in

the motion Mr. Dreismeier alleged constitutional violations for being denied pictures and

updates on his son and deliberate indifference for making him register as a sex offender

while on parole.  Mr. Dreismeier also requested reinstatement of lost good-time credits

and an end to subjecting him to unnecessary, and apparently sex-offender, treatment.

*Id.*

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–

>    (A)  the date on which the judgment became
>    final by the conclusion of direct review or the
>    expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing
>    an application created by State action in
>    violation of the Constitution or laws of the
>    United States is removed, if the applicant was
>    prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right
>    asserted was initially recognized by the
>    Supreme Court, if the right has been newly
>    recognized by the Supreme Court and made
>    retroactively applicable to cases on collateral
>    review; or
>
>    (D)  the date on which the factual predicate of
>    the claim or claims presented could have been
>    discovered through the exercise of due
>    diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Dreismeier's criminal case became final.  The final sentence in Mr. Dreismeier's criminal case was entered on July 27, 2009.  ECF No. 8, ex. A at 3.  Because Mr. Dreismeier did not file a direct appeal, the Court finds that his conviction became final on September 10, 2009, forty-five days after he was sentenced.  *See* Colo. App. R. 4(b).  As such, the one-year statute of limitations began to run on September 11, 2009, the next business day after the conclusion of the time to appeal.

4

The Court next must determine whether any of Mr. Dreismeier's state court postconviction proceedings tolled the one-year limitation period.  Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  The issue of whether a post-conviction motion is pending is a matter of federal law.  *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 193 days before Mr. Dreismeier filed his Colo. R. Crim. P. 35(c) postconviction motion on March 23, 2010.  Mr. Dreismeier then had 45 days from April 5, 2010, when the trial court ruled on the postconviction motion, until May 20, 2010, to seek an appeal under state law.  *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b).  He failed to do so.  As such, the limitations period began to run on May 21, 2010, and expired 172 days later on November 9, 2010, unless the state habeas corpus action Mr. Dreismeier filed on April 23, 2010, tolled the one-year limitations period.

Respondents argue that the state habeas action did not toll the limitations period because it was not a "properly filed" application for state postconviction or other collateral review.  28 U.S.C. § 2244(d)(2).  They base this argument on the fact the trial

court found, and the Colorado Supreme Court agreed, that Mr. Dreismeier's habeas

corpus action failed to include the mittimus, which in Colorado is a jurisdictional failure

requiring immediate dismissal.  ECF No. 8, ex. D; *see also* ECF No. 1 at 12.

An application for post-conviction review is properly filed with the meaning of §

2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws

and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements

include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).  In Colorado, filing

the mittimus is jurisdictional.  *Evans v. Dist. Court*, 572 P.2d 811, 813 (Colo. 1977).  An

improperly filed postconviction motion does not toll the limitations period.   *Hoggro v.

Boone*, 150 F.3d 1223, 1226 n.4 (10th Cir. 1998).  The Court agrees that the habeas

corpus action Mr. Dreismeier filed on April 23, 2010, the dismissal of which the

Colorado Supreme Court affirmed on August 11, 2011, failed to toll the one-year

limitations period because it was not properly filed.

The motion titled "Motion 106" Mr. Dreismeier filed on December 28, 2010, also

failed to toll the one-year limitation period because the one-year limitation period expired

on November 9, 2010, before Mr. Dreismeier filed his "Motion 106."  Any motions

subsequent to expiration of the one-year limitation period could not have tolled that

period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state

6

court postconviction motions toll the one-year limitation period only if they are filed

within the one-year limitation period).  In any event, the "Motion 106" did not attack the

validity of Mr. Dreismeier's conviction and sentence.  Therefore, Respondents argue,

the habeas corpus application is time-barred.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally,

equitable tolling is appropriate if the applicant shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and

prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable

neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.

Furthermore, in order to demonstrate he pursued his claims diligently, the applicant

must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"

*Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent.

*See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same

fundamental miscarriage of justice exception that was discussed by the Supreme Court"

in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722

(1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can

demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant

is not required to demonstrate he diligently pursued the actual innocence claim.  *See*

*Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a

claim of actual innocence requires a petitioner "to support his allegations of

constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

In his reply (ECF No. 15) to the pre-answer response, Mr. Dreismeier contends that the one-year limitation period should be equitably tolled because his attorney failed to advise him that he had forty-five days to appeal from the denial of his Colo. R. Crim. P. 35(c) motion. This argument fails, however, because there is no right to counsel in collateral proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Mr. Dreismeier also argues that, as a *pro se* litigant, he should be excused from not knowing that a proper habeas corpus action includes a mittimus. Mr. Dreismeier's ignorance of the law does not justify the extraordinary remedy of equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. App'x 858, 860 (10th Cir. 2010). His equitable-tolling arguments fail to show any extraordinary circumstance to justify the failure to file a timely application.

Therefore, under § 2244(d), Mr. Dreismeier is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Dreismeier has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Dreismeier files a notice of appeal he must also pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed because it

is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this  15th  day of  June  , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court